UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALAN RAFAEL RIOS MENDOZA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, United States Department Homeland Security, et al.,

Respondents.

Case No.:  26-CV-2825 JLS (AHG)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Alan Rafael Rios Mendoza's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 5) and Petitioner's Reply ("Reply," ECF No. 6).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

### BACKGROUND

Petitioner Alan Rafael Rios Mendoza, a native and citizen of Mexico, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since February 21, 2026, while he was driving back from a delivery in Arizona in connection with his trucking company.  Pet. ¶ 1.  Petitioner entered the United States as a

1

minor in 1994, is engaged to a United States citizen who is pregnant with their child, and has a five-year-old United States citizen son. *Id.*; Ret. at 2. Petitioner "is a Deferred Action for late Childhood Arrivals (DACA) and has filed for renewal." Pet. ¶ 1. Petitioner had a bond hearing scheduled before an immigration judge on March 31, 2026, but his counsel withdrew the request. Ret. at 2. On January 4, 2026, "Petitioner was arrested by San Bernardino Policy Department . . . for Inflicting Corporal Injury on a Spouse/Cohabitant under California Penal Code § 273.5(A)." *Id.* Petitioner contends that he is detained pursuant to 8 U.S.C. §1226(a) and is entitled to a bond hearing. Pet. at 4–5. Respondents contend that Petitioner is subject to mandatory detention 8 U.S.C. § 1226(c)(1)(E) and is not entitled to a bond hearing. Ret. at 2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that § 1226(a), not § 1225(b)(2)(A), governs his detention. Pet. at 9. The Court agrees with Petitioner that § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission," *see* § 1225(b)(2)(A), is not applicable in this case. *See* Pet. at 9. The Court, like other courts in the Ninth Circuit, finds that

"seeking admission requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Mosqueda v. Noem*, No. 25-CV-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025). Here, Petitioner was arrested in the interior of the United States, not while presenting himself at the gate of entry to apply for admission and has resided in the United States since 1994. *See* Pet. ¶ 1. Therefore, § 1226(a) presumably applies to Petitioner's detention.

Respondents, however, argue that Petitioner is subject to mandatory detention under § 1226(c)(1)(E). Ret. at 2–4. To start, § 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). So long as the detained noncitizen is not covered by § 1226(c), pending such decision, the Attorney General may release the noncitizen on bond. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1226(c), in turn, provides for the mandatory detention of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c). "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1323 (W.D. Wash. 2025).

Here, Respondents argue that Petitioner's arrest "for Inflicting Corporal Injury on a Spouse/Cohabitant under California Penal Code § 273.5(A)" provides a basis for mandatory detention under § 1226(c). Ret. at 4. In support of their position, Respondents provide a single record of Petitioner's January 4, 2026, arrest. *See* Ret., Ex. 4. Petitioner responds that "the underlying criminal matter was never prosecuted," "no criminal

complaint was filed, no arraignment on criminal charges occurred, no judicial finding of probable cause was made, no conviction exists, the District Attorney rejected the case outright, and no police reports or admissible evidence establishing violence have been produced." Reply at 3. Therefore, Respondents' "reliance on an arrest alone is insufficient." *Id.*

The Court agrees with Petitioner. Respondents lament Petitioner's failure "to plead sufficient information," Ret. at 2, yet they do not provide the Court with any additional information beyond the fact of Petitioner's arrest to justify mandatory detention. "[R]equiring mandatory detention because of a mere arrest for which prosecutors concluded they did not have sufficient evidence to charge Petitioner with a crime, raises serious due process concerns." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). "To avoid those concerns, courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." *Id.*; *see also Cobis-Gamboa v. Warden*, No. 2:26-CV-0658 DC CKD P, 2026 WL 1133342, at *2 (E.D. Cal. Apr. 27, 2026) ("[A]llowing mandatory detention based upon arrest alone would essentially be a finding that [P]etitioner is entitled to no due process protection over and above what is granted by statute."); *Gopal B. v. Albarran*, No. 1:26-CV-01083-TLN-CKD, 2026 WL 504736, at *3 (E.D. Cal. Feb. 24, 2026), *enforced*, No. 1:26-CV-01083-TLN-CKD, 2026 WL 807587 (E.D. Cal. Mar. 24, 2026).

Accordingly, the Court concludes that Petitioner is not subject to mandatory detention under §1225(b) or § 1226(c) and is entitled a bond hearing under §1226(a).

///

///

///

4

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by <u>June 18, 2026</u>. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: May 29, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2825 JLS (AHG)